UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA OPRIS, ADRIAN ADAM, and BRITNEY RICHARDSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SINCERA REPRODUCTIVE MEDICINE, formerly known as and operating as ABINGTON REPRODUCTIVE MEDICINE, P.C., also known as REGIONAL WOMENS HEALTH GROUP, LLC, d/b/a/ SINCERA REPRODUCTIVE MEDICINE<br><br>Defendant. | Case No.: 2:21-cv-03072-JHS |

**UNOPPOSED SUPPLEMENT TO PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Through their undersigned counsel, Plaintiffs Simona Opris, Adrian Adam, and Britney Richardson, (collectively, "Plaintiffs") respectfully file this Supplement to their Motion for Final Approval of Class Action Settlement that was filed on July 24, 2023 (ECF No. 65). As the Court is aware, this matter is a putative class action arising from a Data Incident whereby an unauthorized third-party gained access to Defendant Sincera Reproductive Medicine's ("Defendant") data environment in 2020. The Data Incident impacted approximately 38,000 patients and the parties reached a Settlement on or around January 11, 2023. The Final Approval hearing is currently scheduled for September 6, 2023 at 10:00 am in Courtroom 13A before the Honorable Joel H. Slomsky.

The purpose of this Supplement is to apprise the Court in advance of the Final Approval hearing of the seven (7) class members who opted-out in advance of the June 23, 2023 deadline (the "Opt-Outs"). *See* Smith Supplemental Declaration ¶¶ 3-5, attached hereto at Exhibit "1".  At

the time the initial Final Approval Motion was filed, Settlement Class Counsel and the Settlement Administrator were unaware there were any opt-outs sought. *Id.* Since then, it has come to Settlement Class Counsel's attention that there are seven (7) individuals that filed opt-outs to exclude themselves from the terms of the Class Action Settlement. *Id.* ¶ 3. Specifically, the Settlement Administrator recently discovered during a mail audit that seven (7) opt outs were not previously identified as a result of a mail processing oversight. *Id.* The Parties have now reviewed the Opt-Out requests and agree that these individuals' requests are both timely and viable, and therefore should be excluded from the Settlement.

The Opt-Outs do not change the Court's required analysis for Final Approval. The reaction of the Settlement Class to the Settlement remains very favorable. For all of the reasons stated herein and in Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement, the Court should grant final approval to the Settlement.

As explained in Plaintiffs' initial Motion for Final Approval, among the *Girsh* factors, the reaction of the class to the settlement "is perhaps the most significant factor to be weighed in considering its adequacy." *Sala v. Nat'l R.R. Passenger Corp.*, 721 F. Supp. 80, 83 (E.D. Pa. 1989). Here, "the reaction of the Class to the Settlement weighs in favor of approving the Settlement." *In re Nat.'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 389 (E.D. Pa. 2015), *amended sub nom. In re Nat'l Football League Players' Concussion Injury Litig.*, 2:12-MD-02323-AB, 2015 WL 12827803 (E.D. Pa. May 8, 2015). To date, KCC has received no objections, and there are only seven (7) opt-out requests. *See* Exhibit 1 (explaining the reason for the delay in disclosing the existence of the seven (7) opt-out requests).

Typically, the reaction of the class is reviewed by looking at the percentage of objections and opt-outs received in relation to the class as a whole. *See, e.g.*, *Bell Atlantic Corp. v. Bolger*, 2

F.3d 1304, 1313-14 (3d Cir. 1993) ("Less than 30 of approximately 1.1 million shareholders objected. This small proportion of objectors does not favor derailing settlement"); *Sweda v. The Univ. of Penn.*, No. 16-cv-04329, 2021 WL 5907947, at *4 (E.D. Pa. Dec. 14, 2021) ("The Court finds that the low number of objections [two] weighs in favor of final approval.").

Here, the complete lack of objections and only seven (7) opt-outs relative to the size of the Settlement Class, consisting of approximately 38,000 members, "'strongly militates a finding that the settlement is fair and reasonable.'" *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 701 (M.D. Pa. 2008) (*quoting In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 629 (E.D. Pa. 2004)); *see also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 323-24 (3d Cir. 2011) (upholding district court's finding that twenty objections in a class of millions favored settlement); *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement."); *Boone v. City of Phila.*, 668 F. Supp. 2d 693, 712 (E.D. Pa. 2009) ("A low number of objectors compared to the number of potential class members creates a strong presumption in favor of approving the settlement."); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 342 (E.D. Pa. 2007) ("The fact that an overwhelming majority of the Class did not file objections is a significant element to consider in determining the overall fairness of the settlements."). Furthermore, the fact that there have been 4,123 claims filed and approved by the claims administrator, compared to only seven (7) Opt-Outs, weighs heavily in favor of approving the Settlement and granting final approval. *See* Smith Supplemental Declaration ¶ 5, attached hereto at Exhibit "1".

Similarly, none of the Attorneys General or federal officials who received notice of the Settlement pursuant to the Class Action Fairness Act ("CAFA" Notice) have sought to object,

intervene, or otherwise comment upon the Settlement. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1373 (N.D. Ga. 2019) (finding that fact that notice of settlement required by CAFA was provided to "the United States Department of Justice and all applicable state attorneys general and required government agency recipients" and yet "[n]ot one CAFA notice recipient objected to the settlement" weighed in favor of approval).

Accordingly, the newly discovered existence of the seven Opt-Outs does not change the analysis required to grant Final Approval of the Settlement here. A revised proposed order granting Final Approval is attached hereto at Exhibit "2" and a redline comparison showing the minor changes from the initial proposed order is attached hereto at Exhibit "3." The revised proposed order specifically references the Opt-Outs and affirmatively excludes these individuals from waiving any rights related to the causes of action at issue in this litigation.

Dated: August 17, 2023.

Respectfully Submitted,

*/s/Kenneth J. Grunfeld*
**KENNETH J. GRUNFELD, ESQUIRE**
**GOLOMB SPIRT GRUNFELD P.C.**
1835 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
Telephone: (215) 346-7338
Facsimile: (215) 985-4169
KGrunfeld@GolombLegal.Com

*/s/Kelly K. Iverson*
Gary F. Lynch, Esquire
Kelly K. Iverson, Esquire
Patrick D. Donathen, Esquire
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
gary@lcllp.com
kelly@lcllp.com
patrick@lcllp.com

*Counsel for Plaintiffs and the Settlement Class*

2

## CERTIFICATE OF SERVICE

I, Kenneth Grunfeld, hereby certify that on the 17th day of August 2023, I caused a true and correct copy of the foregoing Unopposed Supplement to Motion for Final Approval to be filed and served via the Court's CM/ECF filing system on all counsel of record.

Dated: August 17, 2023                          */s/Kenneth J. Grunfeld*
                                                 Kenneth J. Grunfeld