# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA OPRIS, ADRIAN ADAM, and BRITNEY RICHARDSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SINCERA REPRODUCTIVE MEDICINE, formerly known as and operating as ABINGTON REPRODUCTIVE MEDICINE, P.C., also known as REGIONAL WOMENS HEALTH GROUP, LLC, d/b/a/ SINCERA REPRODUCTIVE MEDICINE<br><br>Defendant. | Case No.: 2:21-cv-03072-JHS |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

**WHEREAS**, a Settlement Agreement, dated as of January 31, 2023 (the "Settlement Agreement"), was made and entered into by and among the following Settling Parties: (i) Simona Opris, Adrian Adam, Britney Richardson, Diptesh Patel and Payal Patel (collectively the "Representative Plaintiffs"), individually and on behalf of the Settlement Class Members, by and through Kenneth Grunfeld of the law firm Golomb Spirt Grunfeld, P.C. and Patrick Donathen of the law firm Lynch Carpenter, LLP (collectively, "Settlement Class Counsel" or " Plaintiffs' Counsel"); and (ii) Sincera Reproductive Medicine ("Sincera" or "Defendant"), for the benefit of all Released Parties, by and through the Defendant's counsel of record, Mark S. Melodia, Paul Bond, Nipun J. Patel and Sophie L. Kletzien of Holland & Knight LLP ("Defense Counsel"); and

**WHEREAS**, on March 1 and 2 2023, the Court entered an Order and an Amended Order of Preliminary Approval (collectively "Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the notice of the settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the settlement; and

**WHEREAS**, the notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declaration of the Settlement Administrator filed with the Court on July 24, 2023; and

**WHEREAS**, the CAFA Notice ordered by the Court has been provided, according to the declaration of the Settlement Administrator filed with the Court on July 24, 2023; and

**WHEREAS**, on September 8, 2023, a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after CAFA notice was issued; and

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Settling Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, adequate and reasonable, including with respect to its opt-out provisions, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

6. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7. Representative Plaintiffs, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement.

## Objections and Opt-Outs

8. Zero objections were filed by Settlement Class Members. Thus, the Court finds that the lack of objections weighs in favor of Settlement approval.

9. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

10. A list of the Class Member IDs of those Settlement Class Members who have timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement Agreement (the "Opt-Out Members") has been submitted to the Court within the Supplemental Declaration of Derek Smith. *See* Supplement to Motion for Final Approval, Ex. 1, filed on 8/17/2023. The Opt-Out Members' Class Member IDs are listed in Ex. A to the Supplemental Smith Declaration, and counsel for both parties will maintain a list of the Settlement Class Members that relates to the Class Member IDs for the duration of the limitations period for the claims asserted in this matter for purposes of identifying whether the Opt-Out Members are part of the Settlement Class. The Opt-Out Members are not bound by the Settlement and are not entitled to any of the benefits under the Settlement. The Opt-Out Members listed by Class Member ID number in Exhibit A shall be deemed not to be Releasing Parties.

## Class Certification

11. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All Persons residing in the United States who were provided notice from Sincera that their information was involved in the Data Incident. As per the Settlement Agreement, "Person" is defined as a living natural person who is a resident in the United States.
>
> Excluded from the Settlement Class are (a) officers, directors, trustees, and employees of the Defendant; (b) all judges and their staffs assigned to this case and any members of their immediate families; (c) the mediator; (d) experts retained in this Litigation by the Parties; and (e) the Parties' counsel in this Litigation.

12. The Court determines that, for settlement purposes only, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to

prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. The Court grants final approval to the appointment of the Representative Plaintiffs as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

14. The Court grants final approval to the appointment, pursuant to Rule 23(g), of Kenneth Grunfeld of the law firm Golomb Spirt Grunfeld, P.C. and Kelly K. Iverson and Patrick D. Donathen of the law firm Lynch Carpenter, LLP as Settlement Class Counsel for the Settlement Class.

### Notice to the Settlement Class

15. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16. The CAFA Notice provided by the Settlement Administrator met all requirements of the Act.

17. The Representative Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

18. No objections have been received.

19. Every Settlement Class Member who exercised their right to opt out of the Settlement is hereby excluded from the Settlement Class.

20. Each Released Claim of each Settlement Class Member is hereby extinguished as against the Released Persons.

### Other Provisions

21. The Parties to the Settlement shall carry out their respective obligations thereunder.

22.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the 4,125 Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

23.     As of the Effective Date, the Releasing Parties, release all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses or demands, whether known or unknown, existing or suspected or unsuspected, that were or reasonably could have been asserted based on the factual allegations contained in the Litigation's operative complaint (the "Released Claims").

24.     As of the Effective Date the Released Parties will be deemed to have been completely released and forever discharged for the Releasing Parties' Released Claims.

25.     The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Persons or prosecuting any claim based on any actions taken by any of the Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment. It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

26.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

27.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

28.     The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order and Judgment.

29. The Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30. Consistent with the Settlement, in the event the Effective Date does not occur, this Judgment Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement; this Judgment and all orders entered in connection herewith shall be vacated and null and void.; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

31. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

IT IS SO ORDERED.

9/8/23
                   /s/ Joel H. Slomsky
                   JOEL H. SLOMSKY
                   UNITED STATES DISTRICT JUDGE